IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL JAMES BARNES                                    PETITIONER

VS.                                     CRIMINAL NO. 3:13-cr-38(DCB)
                                        CIVIL NO. 3:15-cv-682(DCB)

UNITED STATES OF AMERICA                                RESPONDENT

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner, Michael James Barnes ("Barnes"), filed a <u>pro se</u> motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 (docket entry 30). The Government has moved to dismiss Barnes's motion (docket entry 36), and Barnes, now represented by counsel, has responded to the Government's motion (docket entry 37). Having considered the pleadings and the record, including the relevant parts of the underlying criminal case and the relevant law, the Court finds as follows:

On April 16, 2013, a federal grand jury returned an indictment charging Barnes with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Pursuant to the terms of a plea agreement, Barnes pled guilty. <u>See</u> minute entry of July 9, 2013. Barnes raised no objections regarding his prior convictions reflected in his Pre-Sentence Report ("PSR").[1] On

---

[1] The PSR, its Addendum, and other attachments are filed with the Court under seal. Barnes's criminal history reflected in the PSR as adopted by the Court at sentencing is more extensive than alleged in his Indictment, demonstrating more violent felony convictions than appeared in his Indictment. Barnes's motion only attacks the prior convictions appearing in his Indictment. <u>See</u> PSR, Part B and Barnes's motion (docket entry 30, pp.3-4).

September 30, 2013, the Court imposed a below-guidelines sentence of 180 months in prison followed by a three-year term of supervised release.  (Minute entry of Sept. 30, 2013).

Despite having waived his right to attack his sentence through a § 2255 motion in his plea agreement, almost two years later, on September 21, 2015, Barnes filed his pro se § 2255 motion seeking collateral review of his sentence under the authority of Samuel Johnson v. United States, 135 S.Ct. 2551 (2015)(hereafter "Samuel Johnson"), which held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally void for vagueness under the Due Process Clause.  Thereafter, in Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that the Samuel Johnson decision applies retroactively on collateral review.  Barnes argues that his below-Guidelines sentence is unconstitutional because the Guidelines sentencing enhancement under the residual clause of U.S.S.G. § 4B1.2(a)(2) has verbiage identical to the residual clause in the ACCA.  (Docket entry 30, p.2).

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. Section 2255 provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the

2

sentence is 'otherwise subject to collateral attack.'" <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996)(citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." <u>United States v. Addonizio</u>, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It may also "not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." <u>Id</u>. at 164.

In his <u>pro se</u> Motion to Vacate under 28 U.S.C. § 2255 (docket entry 30), Barnes claims that in light of the Supreme Court's decision in <u>Samuel Johnson</u>, his prior Florida convictions for Attempted Robbery, Kidnapping, and Burglary of a Dwelling as reflected in his Indictment "should no longer qualify as 'violent felonies' under the remaining clauses of § 924(e)(2)(B) nor as 'crimes of violence' under the Guidelines."[2] (Docket entry 30, p.4).

---

[2] Barnes agrees that his September 11, 2006, conviction in the Circuit Court of Rankin County, Mississippi, in Cause Number 17,437 (CT I) for Possession of Precursors falls under the category of a "serious drug offense."

However, the Government claims that Barnes has failed to demonstrate that the residual clause of § 924(e)(2)(B) informed his sentence such that Samuel Johnson would permit his sentence to be properly revisited by this Court for collateral review.

The Government contends that Barnes raised no objections to his PSR concerning the number or nature of his prior convictions that might qualify him as an Armed Career Criminal under § 924(e)(2)(B)[3], and Barnes's motion does not question that his prior narcotics conviction is a qualifying offense.[4]  Moreover, the Supreme Court specifically excluded application of Samuel Johnson to other clauses of the ACCA, stating, "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." (135 S.Ct. at 2563).  Barnes's motion acknowledges that limitation.  (See docket entry 30, p.7 ("The [Samuel Johnson] holdings are limited to ... language ... commonly referred to as the residual clause."); and p.8 ("The [Samuel Johnson] Court also stated that its ruling is inapplicable to the enumerated "violent felonies" stated in § 924(e)(2)(B)(ii) ....")).

Despite the Supreme Court's specific limitation of the Samuel Johnson decision to the residual clause, Barnes takes the position

_____

[3] See PSR with attached Addendum (docket entry 21) and Defendant's Objections thereto (docket entry 20), filed under seal with the Court.

[4] See Barnes's Motion (docket entry 30, p.4).

that, since the residual clause of § 924(e)(2)(B) is now deemed unconstitutionally vague, _Samuel Johnson_ provides him another opportunity to revisit and challenge his qualifying convictions under the remaining provisions of § 924(e)(2)(B) – specifically, the elements/force clause of § 924(e)(2)(B)(I) and/or the enumerated clause of § 924(e)(2)(B)(ii). However, since _Samuel Johnson_ does _not_ call into question the remaining ACCA clauses, that decision procedurally does not permit Barnes to raise an untimely argument involving the elements/use-of-force clause in § 924(e)(2)(B)(i) or the enumerated crimes clause in § 924(e)(2)(B)(ii), particularly where his legal analysis that is focused on "physical force" (a non-constitutional issue) relies on _Curtis Johnson v. United States_, 130 S.Ct. 1265 (2010)(hereafter "_Curtis Johnson_") which did not recognize a new constitutional right available on collateral review. Barnes's argument under this decision was available for timely assertion at his sentencing, on his direct appeal, or in a § 2255 motion in compliance with § 2255(f), all of which Barnes failed to make. Barnes cannot properly acquire collateral review under the auspices of _Samuel Johnson_ and _Welch_ (which held that the _Samuel Johnson_ decision applies retroactively on collateral review) to overcome the existing time-bar on his non-constitutional "physical force" claim that is actually premised on prior case law in existence at the time he was sentenced. See _Curtis Johnson_; see also _United States_

v. Weilburg, 2017 WL 62522, *3 (D. Nev. January 4, 2017)(noting that the defendant's motion under Samuel Johnson was not statutorily timely as to any argument under Curtis Johnson). Thus, according to the Government, Barnes's motion is untimely under 28 U.S.C. § 2255(f) and is procedurally barred.

In addition, Barnes's Motion to Vacate is based on the premise that Samuel Johnson applied to the Sentencing Guidelines, and that it did so on collateral review. However, in Beckles v. United States, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court determined that Samuel Johnson does not apply to the Sentencing Guidelines:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2)(Nov. 2006) (USSG). This Court held in [Samuel Johnson, 135 S.Ct. 576 at 2563] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

Beckles, 2017 WL 855781 at *3.

The Government asserts that the Supreme Court's holding in Beckles renders Barnes's § 2255 motion as it pertains to the Guidelines substantively without merit. Moreover, because the Supreme Court did not apply Samuel Johnson to guideline career offenders, Samuel Johnson does not apply to guideline career

offenders on collateral review, and to the extent Barnes argues that <u>Samuel Johnson</u> applies to the Sentencing Guidelines, his § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1).

Section 2255 contains a one-year statute of limitations for a motion pursuant to 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purpose of the one-year statute of limitations, a case is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321 n.6 (1987); <u>United States v. Thomas</u>, 203 F.3d 350, 352 (5th Cir. 2000).  When a prisoner does not take a direct appeal from his conviction, the conviction

becomes final when the time for filing a notice of appeal expires. <u>United States v. Plascencia</u>, 537 F.3d 385, 388-89 (5th Cir. 2008); <u>Sanchez Castellano v. United States</u>, 358 F.3d 424, 428 (6th Cir. 2004); <u>Wims v. United States</u>, 225 F.3d 186, 188 (2nd Cir. 2000).

The docket in this case indicates that Barnes did not seek an appeal to the Fifth Circuit; therefore, the one-year statute of limitations under Section 2255(f)(1) expired on or about November 8, 2014. Barnes filed his Section 2255 motion on September 21, 2015, which was after the deadline. (Docket entry 30). And, because the Supreme Court did not hold that <u>Samuel Johnson</u> applies to Sentencing Guidelines cases on collateral review, the motion is not subject to the extended statute of limitations under 28 U.S.C. § 2255(f)(3). Thus, according to the Government, Barnes's motion as it pertains to the Sentencing Guidelines is likewise time-barred.

In addition, Barnes specifically waived his right to attack his sentence when he signed a plea agreement. Pursuant to Federal Rule of Criminal Procedure 11(c), Barnes entered a guilty plea predicated on a signed plea agreement. (Docket entry 17). Barnes's plea and the plea agreement were accepted by the Court. (Minute entry of 07/09/2013). Paragraphs 7 and 7(b) of the Plea Agreement, entered into with the advice of counsel,[5] provide as

---

[5] At the time he executed the plea agreement, Barnes was represented by experienced counsel, attorney Michael L. Scott, who also signed the plea agreement.

follows:

> Defendant, knowing and understanding all of the matters
> aforesaid, including the maximum possible penalty that
> could be imposed, and being advised of his rights to
> remain silent, to trial by jury, to subpoena witnesses on
> his own behalf, to confront the witnesses against
> Defendant, and to appeal the conviction and sentence, in
> exchange for the U.S. Attorney entering into this plea
> agreement and accompanying plea agreement supplement,
> hereby expressly waives the following rights:
>
> ***The right to contest the conviction and sentence*** or the
> manner in which the sentence was imposed *in **any post-
> conviction proceeding, including*** but not limited to **a
> motion brought under Title 28, United States Code,
> Section 2255** ...

(Docket entry 17, ¶¶ 7, 7(b)).

When Barnes signed his plea agreement, he expressly waived his

right to appeal his conviction and his sentence in any post-

conviction proceedings.  The Court accepted Barnes's guilty plea,

entered a judgment of conviction, and sentenced Barnes.

"As a general rule, a voluntary, unconditional guilty plea

waives all nonjurisdictional defects in the proceedings against the

defendant."  United States v. Hoctel, 154 F.3d 506, 507 (5th Cir.

1998).   In addition to the general waiver resulting from a

defendant's unconditional guilty plea, a defendant may agree to

surrender his right to contest his sentencing as part of a plea

agreement with the Government.  Id. at 508.

Courts have long enforced waivers of collateral attack rights

in plea agreements.  See, e.g., United States v. Wilkes, 20 F.3d

651, 653 (5th Cir. 1994)("As a general matter, therefore - and at

least under the facts and circumstances of this case - an informed and voluntary waiver of post-conviction relief is effective to bar such relief."); see also Garcia-Santos v. United States, 273 F.3d 506, 509 (2nd Cir. 2001). This is true even where the grounds for the attack arise after the plea is executed. See id., 273 F.3d at 509 (providing prudential and policy reasons).

The Fifth Circuit has recognized two exceptions to this general rule: (1) a claim of ineffective assistance if "the claimed ineffective assistance directly affected the validity of that waiver or the plea itself" and (2) a sentencing claim where the sentence "exceeds the statutory maximum" penalty. See United States v. Hollins, 97 Fed. App'x 477, 479 (5th Cir. 2004). In Barnes's case, neither exception applies. Barnes's § 2255 motion sets forth no allegations of ineffective assistance of counsel, nor does it claim that any ineffectiveness invalidated Barnes's guilty plea. (Docket entry 30). Furthermore, Barnes cannot claim that his 180 month sentence exceeds the statutory maximum penalty.

According to Barnes's PSR, the minimum term of imprisonment is 15 years and the maximum term is life, pursuant to 18 U.S.C. § 922(g)(1) and 924(e). (PSR at docket entry 21, ¶ 64). In addition, based on a total offense level of 31 and a criminal history category of VI, the guideline imprisonment range is 188 months to 235 months. (Id. at ¶ 65). Therefore, the Court sentenced Barnes to 180 months in prison, which does not exceed the

statutory maximum penalty.

Barnes's arguments are predicated on alleged errors in guidelines calculations, which he agreed not to raise in an appeal or in a collateral attack of his sentence. Barnes voluntarily waived his right to collaterally attack his sentence in a § 2255 motion.

Inasmuch as Barnes previously waived his right to collaterally attack his sentence in a § 2255 motion; and inasmuch as he has failed to demonstrate that he is entitled to proceed under the auspices and parameters of the Samuel Johnson decision, on which he relies; and inasmuch as his argument under the Curtis Johnson decision is untimely and thus procedurally barred, it would seem that Barnes's § 2255 motion should be dismissed.

However, fourteen days after the Government filed its Motion to Dismiss, Michael L. Scott (Barnes's trial counsel) filed a Response to the Government's Motion to Dismiss. The Response states, in part (referring to Barnes's pro se Petition):

> The petitioner [Barnes] correctly argued that [Samuel Johnson]... applies to his case because he was sentenced under the residual clause provisions of the ACCA. The incorrect contention in the Petition pertains to the Sentencing Guidelines argument. The Guidelines argument is presented on pages 21 through 31 of the Petition. In law and in fact, his entire argument is under the ACCA, and not under the Guidelines. This is important because as the Court is aware, Beckles v. United States, ___ S.Ct. ___, 2017_WL 855781 (2017) held that [Samuel Johnson] ... is inapplicable to the Sentencing Guidelines.

> It is true that Mr. Barnes' sentence was enhanced in

part under the provisions U.S.S.G. § 4B1.4. However, under the provisions of § 4B1.4(a), the sentence enhancement provisions of § 4B1.4 apply <u>only</u> if the defendant is deemed "an armed career criminal" under "the provisions of § 18 U.S.C. § 924(e)[.]" That is, a defendant must be deemed an armed career criminal under the ACCA before any of the sentence enhancement provisions of § 4B1.4 can be legally applied. This in turn means that any sentence enhancement applied under § 4B1.4 must be analyzed in the context of whether a defendant is an armed career criminal under the ACCA, and the holdings in [Samuel] Johnson ... apply to the analysis.

The above interpretation of when the sentence enhancement provision of § 4B1.4 can be applied is consistent with case law. For example, in <u>United States v. Kirk</u>, 636 Fed. App'x 548, 550 (11th Cir. 2016), the court held:

> Although <u>Johnson</u> does not apply to the guidelines, <u>Johnson</u> does mean that Kirk is no longer subject to the statutory sentence enhancement in § 924(e)(1). And as explained below, the primary guideline used to calculate Kirk's guidelines range was the § 4B1.4 guideline that applies only if the defendant "is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). Kirk is no longer subject to that guideline. We explain how Kirk's guidelines range was calculated and why this case warrants a recalculation of Kirk's guidelines range and thus a full resentencing.

<u>See</u> <u>also</u>, <u>United States v. Seabrook</u>, 839 F.3d 1326, 1332 (11th Cir. 2016)(holding "[d]ue to his status as an armed career criminal under § 924(e), Seabrook's offense level increased from 30 to 33 under U.S.S.G.4 B1.4(b)(3)(B)."); <u>United States v. Brooks</u>, Crim. Action No. 03-324, 2017 WL 467671 at *2 (E.D. La. Feb. 3, 2017) (holding "Section 4B1.4 of the United States Sentencing Guidelines contains special offense level and criminal history category provisions applicable to defendants subject to the ACCA.").

Barnes's counsel contends that this Court can ignore Barnes's <u>pro se</u> § 2255 petition to the extent it argues that <u>Samuel Johnson</u>

should be applied to the Guidelines. As stated above, the Guidelines-related argument appears on pages 21 through 31 of Barnes's Petition; and petitioner's counsel argues that ignoring this portion of the Petition has no effect on the sentencing range recalculation on pages 2 and 3 of the Petition because the § 4B1.4 enhancements must nevertheless be eliminated post <u>Samuel Johnson</u>. This is because under the plain language of that Guidelines provision and the case law interpretations of the provision, § 4B1.4 enhancements are not triggered unless the defendant is initially deemed an armed career criminal under the ACCA. Barnes's arguments regarding why the sentence enhancements are not applicable under the ACCA in the post-<u>Samuel Johnson</u> era are presented on pages 14 through 21 of his Petition.

Barnes's counsel also posits that the waiver of appeal provision does not bar Barnes's § 2255 Petition. The Government seeks dismissal of Barnes's § 2255 Motion because he signed a Plea Agreement containing a waiver of appeal provision prior to sentencing. Barnes's counsel agrees that the Government accurately quotes the language of the waiver of appeal provision; however, counsel also contends that this Court should find that the waiver is unenforceable under the facts and law of this case.

In <u>United States v. Torres</u>, 828 F.3d 1113 (9th Cir. 2016), the Ninth Circuit analyzed the issue now before the Court. Pursuant to a plea of guilty, Torres was convicted of felon in possession of a

firearm. <u>Id</u>. at 1116. Torres entered a plea agreement in which he waived the right to appeal all issues other than denial of a motion to suppress evidence. <u>Id</u>. He appealed both his sentence and denial of the motion to suppress to the Ninth Circuit. <u>Id</u>.

The <u>Torres</u> court upheld the district court's denial of the motion to suppress. <u>Id</u>. As for the sentencing issue, the court found that the waiver of appeal provision was unenforceable because a defendant cannot waive the right to appeal an illegal or unconstitutional sentence. <u>Id</u>. at 1116, 1124. Regarding the sentencing issue on appeal, Torres challenged his sentence on grounds that the district court incorrectly enhanced his offense level under section 2K2.1 of the U.S. Sentencing Guidelines, in light of the Supreme Court's <u>Samuel Johnson</u> decision, which held that the ACCA's catch-all "residual clause" (<u>see</u> 18 U.S.C. § 924(e)(2)(B)(ii)) was unconstitutionally vague because it failed to specify the crimes that fell within its scope sufficiently clearly to satisfy the dictates of due process. <u>Samuel Johnson</u>, 135 S.Ct. at 2557–58, 2563. Torres argued that section 2K2.1(a)(2)'s identically worded residual clause is likewise unconstitutional. <u>Torres</u>, 828 F.3d at 1123.

Before addressing the merits of the sentencing issue, the court had to decide whether the argument was barred by the waiver of appeal provision in the plea agreement. <u>Torres</u>, 828 F.3d at 1124. The waiver of appeal provision stated that Torres

14

knowingly and expressly waive[d]: (a) the right to appeal
any sentence imposed within or below the applicable
guidelines range as determined by the Court, with the
exception of preserving the right to appeal a
determination that [he] qualifies as an Armed Career
Criminal; (b) the right to appeal the manner in which the
Court determined that sentence on the grounds set forth
in 18 U.S.C. § 3742; and (c) the right to appeal any
other aspect of the conviction or sentence.

Id. (internal footnotes omitted).

The Government sought dismissal of the sentencing issue based

on this waiver of appeal provision. The Ninth Circuit held that

standard contract principles applied to interpretation of an appeal

waiver, and that it would "enforce an appeal waiver contained in a

plea agreement if 'the language of the waiver encompasses [the

defendant's] right to appeal on the grounds raised, and if the

waiver was knowingly and voluntarily made.'" Torres, 828 F.3d at

1124. The court further held:

The analogy between plea agreements and private contracts
is imperfect, however, because the Constitution imposes
a floor below which a defendant's plea, conviction, and
sentencing may not fall. For example, an appeal waiver
does not deprive a defendant of a constitutional
ineffective assistance of counsel claim. A waiver of
appellate rights will also not apply if a defendant's
sentence is "illegal," which includes a sentence that
"violates the Constitution."

Id. (citations omitted).

The Government in Torres conceded that Samuel Johnson applies

to the Sentencing Guidelines. Torres, 828 F.3d at 1125. The court

held, "[w]e therefore accept the Government's concession that the

district court sentenced Torres pursuant to a provision in the

15

Guidelines that is unconstitutionally vague.  This renders Torres's

sentence 'illegal,' and therefore the waiver in his plea agreement

does not bar this appeal."  <u>Id</u>. (citation omitted).[6]  The Ninth

Circuit then remanded the case to the district court for

resentencing in light of the holdings in <u>Samuel Johnson</u>.  <u>Id</u>.

Barnes's counsel claims that "[i]t is hard to imagine a case

with more comparable legal issues than the subject case and <u>Torres</u>.

Both involve waiver of appeal issues that relate to filing § 2255

petitions pursuant to the holdings in [<u>Samuel</u>] <u>Johnson</u>]."  Further,

he argues that "[a]s in Torres, this Court should find that the

waiver of appeal provision in Mr. Barnes' plea agreement is

unenforceable because he cannot waive the right to appeal an

illegal and/or unconstitutional sentence.

Counsel also cites the Sixth Circuit's decision in <u>United

States v. McBride</u>, 826 F.3d 293 (6th Cir. 2016), which recites, in

part:

> William McBride signed a plea agreement after being
> charged in five jurisdictions with six counts of bank
> robbery in violation of 18 U.S.C. § 2113(a),(d).  The
> agreement included an "understand[ing]" that McBride
> would be sentenced as a career offender because "he ha[d]
> at least two prior crime of violence convictions."  <u>See</u>
> USSG § 4B1.1(a).  The presentence report recommended
> designating McBride a career offender based on two prior
> convictions for bank robbery, also in violation of §

---

[6] The Eighth Circuit has also held that appeal rights cannot be
waived in regard to attacking a sentence that is "constitutionally
invalid[.]"  <u>United States v. Andis</u>, 333 F.3d 886, 942 (8th Cir. 2003).

2113.  McBride's sentencing memorandum asked the court to
depart downward from the Sentencing Guidelines advisory
range of 188 to 235 months of imprisonment, but agreed
that "[t]here is no dispute that McBride is a 'career
offender.'"   His counsel also conceded the career-
offender point at sentencing.  Had he not been labeled a
career offender, the Guidelines sentencing range would
have been 100 to 125 months of imprisonment.   The
district court sentenced McBride to 216 months of
imprisonment.  McBride now contests his career-offender
designation, arguing that in light of [Samuel Johnson],
§ 2113 is not a predicate offense under the career-
offender guideline.

Id. at 294.

The court also held that "McBride waived this argument, except

insofar as it could not have been made before [Samuel Johnson].  A

defendant waives the argument that a sentencing enhancement does

not apply by 'explicitly agreeing' that it does, such as through

'plain, positive concurrence.'"   McBride, 826 F.3d at 294-95

(citations omitted).  The court went on to hold:

However, a defendant can abandon only "known right[s]."
United States v. Olano, 507 U.S. 725, 733, 113 S.Ct.
1770, 123 L.Ed.2d 508 (1993) [Olano also states that
"waiver is 'the intentional relinquishment or abandonment
of a known right.'" 507 U.S. at 733].  McBride could not
have intentionally relinquished a claim based on [Samuel
Johnson], which was decided after his sentencing.
Although McBride otherwise waived the right to appeal his
career-offender status, to the extent that his claim
relies on [Samuel Johnson], we review for plain error.

17

<u>Id</u>. at 295 [some citations omitted].  Based on this holding, the court considered the merits of McBride's <u>Samuel Johnson</u>-related sentencing argument.

The Sixth Circuit's holdings in <u>McBride</u> add to the Ninth Circuit's holdings in <u>Torres</u>.  Under <u>McBride</u>, a defendant can waive only rights that are known to him at the time of the waiver. Rights unknown at the time of the waiver cannot be waived.  Like <u>Torres</u>, <u>McBride</u> is comparable to the issue before this Court in Barnes's case.  Barnes's Plea Agreement is dated June 12, 2013. (Docket entry 17, p.1).  He signed the Plea Agreement on July 2, 2013.  (<u>Id</u>., p.6).  <u>Samuel Johnson</u> was decided in 2015.  Barnes's counsel argues that because <u>Samuel Johnson</u> was decided well after Barnes entered the Plea Agreement containing the waiver of appeal provision, the appeal waiver in not enforceable as to any <u>Samuel Johnson</u>-related issue, because an unknown right cannot be waived, and Barnes could not have known about the rights afforded by <u>Samuel Johnson</u> at the time he signed the Plea Agreement.

In the context of abandonment of a known right through an appeal waiver, Barnes's counsel asks this Court to consider how the

Fifth Circuit construes plea agreements. In <u>United States v.</u>
<u>Escobedo</u>, 757 F.3d 229, 233 (5th Cir. 2014), the Fifth Circuit found
that the government's interpretation of the appeal waiver provision
of the plea agreement did not comport with Escobedo's reasonable
interpretation of the agreement. <u>Id</u>. at 234. The Court explained:

> We construe a plea "agreement like a contract, seeking to
> determine the defendant's 'reasonable understanding' of
> the agreement and construing ambiguity against the
> Government." <u>United States v. Farias</u>, 469 F.3d 393, 397
> (5th Cir.2006); <u>accord</u> <u>United States v. Elashyi</u>, 554 F.3d
> 480, 501 (5th Cir.2008)("[A] plea agreement is construed
> strictly against the Government as the drafter."); <u>United</u>
> <u>States v. Azure</u>, 571 F.3d 769, 772 (8th Cir.2009)("The
> government bears the burden of establishing that the plea
> agreement clearly and unambiguously waives the
> defendant's right[s.]").

Central to the <u>Escobedo</u> holding is that construction of a plea
agreement must be based on the defendant's "reasonable
understanding" of the agreement, which must be judged at the time
the defendant executes the plea agreement.

    Taking the holdings in <u>McBride</u> and <u>Escobedo</u> together, Barnes's
counsel urges the Court to find that Barnes did not waive his right
to pursue the <u>Samuel Johnson</u>-related argument in his § 2255 Motion,
because he could not have "reasonably understood" that he was

waiving a right if he did not know that it existed. Thus, counsel urges the Court to find that the subject waiver of appeal provision is unenforceable in this case.

Barnes's counsel also points out that many circuit courts have adopted a "miscarriage of justice" exception to enforcement of appeal waiver provisions. <u>See</u> <u>United States v. Powell</u>, 574 Fed. App'x 390, 394 (5th Cir. 2014). However, the Fifth Circuit has neither accepted nor rejected the miscarriage of justice exception to enforcing appeal waivers. <u>Id</u>. Counsel argues that this leaves open another possibility for the Court to find that the waiver of appeal provision in Barnes's case is unenforceable.

Counsel for the petitioner also takes the position that the statute of limitations does not bar Barnes's § 2255 proceeding. Counsel states that the Government, in what appears to be a statute of limitations argument, contends that Barnes's § 2255 claims are barred because he "has failed to demonstrate that the residual clause of § 924(e)(2)(B) informed his sentence such that [<u>Samuel Johnson</u>] would permit his sentence to be properly revisited by this Court on collateral review." <u>See</u> Government's Motion to Dismiss

(docket entry 36, p.3).  Counsel also states that the Government is

arguing that <u>Samuel Johnson</u> "does not permit Barnes to raise an

untimely argument involving the elements/use-of-force clause in §

924(e)(2)(B)(I) or the enumerated offense clause in § 924(e)(2)(B)

(ii)[.]"  <u>Id</u>. at pp.4-5.  But counsel contends, to the contrary,

that Barnes followed the procedure as outlined below to prove that

the residual clause of the ACCA affected his sentence:

> We must analyze all three prongs of the "violent
> felony" definition in 18 U.S.C. § 924(e)(2)(B) to
> determine whether the residual clause of the ACCA
> affected a defendant's sentence.  Based on the following
> holdings, this is the process that a court must follow
> when deciding whether a prior felony conviction
> constitutes a violent felony under the ACCA.  "[T]he
> sentencing court will look to the statutory definition of
> the crime to determine if it qualifies as a violent
> felony under the ACCA."  <u>United States v. Brown</u>, 437 F.3d
> 450, 451 (5th Cir. 2006)(citations omitted).  Then, to
> determine whether the statutory definition of the crime
> of conviction qualifies as a violent felony, the
> sentencing court looks to the three-pronged definition of
> "violent felony" stated in § 924(e)(2)(B).  <u>See</u> <u>United
> States v. Harrimon</u>, 568 F.3d 531, 534 (5th Cir. 2009).
> The three defined categories of crimes that qualify as
> violent felonies under § 924(e)(2)(B) are:

> > • The "physical force" clause of §
> > 924(e)(2)(B)(i) that includes crimes that have
> > "as an element the use, attempted use, or
> > threatened use of physical force against the
> > person of another[.]"

21

- The "enumerated offense" clause of § 924(e)(2)(B)(ii) that includes the crimes of "burglary, arson, or extortion, [or] involves use of explosives[.]"

- The "residual" clause of § 924(e)(2)(B)(ii) that includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

See Harrimon, 568 F.3d at 534; see also 18 U.S.C. § 924(e)(2)(B). As we know, [Samuel Johnson] holds that the residual clause is unconstitutional, so the definition of violent felony is now limited to the enumerated offense clause and the physical force clause of § 924(e)(2)(B).

The procedure employed by the Harrimon Court – analyzing the enumerated offense clause and the physical force clause first, then analyzing the residual clause if the crime passes neither of the first tests – is consistent with Supreme Court precedent. Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005) both involved determining whether prior convictions under state court burglary statutes were violent felonies under the ACCA. In both cases, the Courts implicitly recognized that the first step in the analysis was determining the elements of the burglary statutes of conviction and applying the categorical approach to determine if the elements were broader than the generic elements of burglary. Taylor, 495 U.S. at 602; Shepard, 544 U.S. at 17, 19; See also United States v. Wheeler, 434 Fed. App'x 831, 833 (11th Cir. 2011)(in a pre-[Samuel Johnson] case, resorting to considering the residual clause only after determining that the burglary statute at issue failed to qualify as generic burglary under the enumerated offense clause).

(Docket entry 37, pp.11-13).

Barnes's counsel also relies on <u>In re: Devon Chance</u>, 831 F.3d

1135 (11th Cir. 2016):

> Like Mr. Barnes' case, <u>Chance</u> involved whether [<u>Samuel Johnson</u>] required the court to reduce his sentence because one of the prior convictions used to enhance his sentence was no longer a "crime of violence" post-[<u>Samuel Johnson</u>]. An issue addressed by the court was whether "the district court must make the inmate prove 'whether or not [he] was sentenced under the residual clause'" in order to successfully achieve a sentence reduction. <u>Id</u>. at 1340 (bracketed text in original; citation omitted). The court opined that no such showing is required. <u>Id</u>.

Reaching this conclusion, the Chance court recognized that "[n]othing in the law requires a judge to specify which clause of § 924(c) – residual or elements clause – it relied upon in imposing a sentence." <u>Chance</u>, 831 F.3d at 1341. The court also supported its opinion with the following rationale:

> To be sure, the inmate is the one who has to make the showing that his sentence is now unlawful. But we believe the required showing is simply that § 924(c) may no longer authorize his sentence as that statute stands after [<u>Samuel Johnson</u>] – **not proof of what the judge said or thought at a decades-old sentencing**. No matter what the judge said, it is precedent from the Supreme Court and this Court that dictates which offenses meet § 924(c)'s definitions. <u>See</u> <u>Rivers v. Roadway Express, Inc.</u>, 511 U.S. 298, 312-13, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994)("It is this Court's responsibility to say what a statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law. A

> > judicial construction of a statute is an
> > authoritative statement of what the statute
> > meant before as well as after the decision of
> > the case giving rise to that construction."
> > (emphasis added)).
>
> <u>Id</u>. at 1341 (italicized and bold emphasis added;
> underlined emphasis in original).

(Docket entry 37, pp.13-14).

Counsel for Petitioner also relies on the Fourth Circuit case

of <u>United States v. Winston</u>, __ F.3d __, 2017 WL 977031 (4th Cir.

2017):

> As in <u>Chance</u>, <u>Winston</u> involved whether the defendant
> should be resentenced because the prior crimes of
> conviction that triggered application of the ACCA at the
> original sentencing hearing are no longer violent
> felonies under the residual clause of the ACCA. <u>Id</u>. at
> *1-*2.
>
> In <u>Winston</u>, the prosecution argued that "because the
> record does not establish that the sentencing court
> relied on the residual clause to conclude that the
> Virginia common law robbery conviction qualified as a
> violent felony, Winston is barred from claiming reliance
> on the Court's holding in [<u>Samuel Johnson</u>] that the
> residual clause is unconstitutional." <u>Winston</u>, 2017 WL
> 977031 at *3. The Fourth Circuit held "[w]e disagree
> with the government's conclusion." <u>Id</u>.
>
> Rejecting the prosecution's argument, the <u>Winston</u>
> court reasoned,
>
> > "[n]othing in the law requires a [court] to
> > specify which clause ... it relied upon in
> > imposing a sentence." We will not penalize a

movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present case would result in "selective application" of the new rule of constitutional law announced in [Samuel Johnson], violating "the principle of treating similarly situated defendants the same."

Winston, 2017 WL 977031 at *3 (internal and end citations omitted).

Under Chance and Winston, we are not concerned with how the district judge reached its "violent felony" conclusion, especially when the district judge makes no specific finding regarding how it reached the conclusion. Rather, we simply apply the tests to analyze whether a defendant's prior crime is now a crime of violence under current jurisprudence.

(Docket entry 37, pp.14-15 (emphasis in original)).

Barnes's counsel asserts that the procedure followed in Harrimon, Shepard, Taylor and Chance is the exact process employed by Barnes in his § 2255 Motion, i.e. he first considered whether the required statutory elements of his prior convictions qualified as violent felonies under the enumerated offense clause or the physical force clause, and decided they did not. He then turned to the residual clause as the only option under which the sentencing

court could have found that Barnes's prior convictions were violent felonies, and the residual clause is no longer a constitutional option to deem a prior conviction a "violent felony" under the ACCA.

Counsel for the Petitioner concludes that the prosecution's contention that the ACCA's residual clause played no role at his sentencing is without merit. "By showing that the prior convictions did not fall under the enumerated offense or the physical force clauses of § 924(e)(2)(B), Mr. Barnes showed by exclusion that they necessarily fell under the residual clause." Counsel further concludes that under this scenario, the residual clause and the holdings in [Samuel Johnson] are implicated in this case, and Barnes' § 2255 Motion is not time barred because it was filed within one year after the Supreme Court decided Samuel Johnson. (Docket entry 37, p. 16).

In its Motion to Dismiss, the Government asserts that Barnes has previously waived his right to collaterally attack his sentence in a § 2255 motion; that he has failed to demonstrate that he is entitled to proceed under the auspices and parameters of the Samuel

<u>Johnson</u> decision on which he relies; and that his argument under the <u>Curtis Johnson</u> decision is both untimely and procedurally barred.

The Court finds that additional briefing by the parties is required. The Petitioner filed his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody <u>pro</u> <u>se</u> (docket entry 30). He subsequently filed a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (docket entry 31) and motion to appoint counsel (docket entry 32), both of which the Court granted (docket entry 34). Following a Court Order for the Government to respond to Barnes's § 2255 Motion (docket entry 35), the Government filed a Motion to Dismiss the § 2255 Motion (docket entry 36).

The Petitioner's counsel then filed a Response to the Government's Motion to Dismiss (docket entry 37). Although labeled a "Response," it advances new arguments supplementing Barnes's original Petition, and is more in the nature of an Amended Motion to Vacate.

The Court therefore requires the Government to file an Amended Motion to Dismiss, and to do so within 30 days. The Petitioner

shall have the same amount of time to respond to the Government's motion.  Any rebuttal by the Government shall be filed within 15 days.

SO ORDERED, this the 10th day of April, 2018.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE