IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                               PLAINTIFF

VS.                             CRIMINAL NO. 3:13-cr-38-DCB-LRA

MICHAEL JAMES BARNES                                   DEFENDANT

ORDER

This matter is before the Court on Defendant Michael James Barnes' Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i). Having read the Motion, response thereto, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

On October 17, 2013, this Court sentenced Michael Barnes to serve 180 months in the custody of the Bureau of Prisons (BOP) with three years supervised release for Felon in Possession of a Firearm. Barnes has previously been convicted in Mississippi for Possession of Precursors with Intent to Manufacture Methamphetamine on 9/11/2006 and in Florida for Kidnapping on 4/12/1984, Burglary of a Dwelling on 10/15/1979, and Attempted Robbery on 10/03/1979. Barnes is currently serving his sentence at the United States Penitentiary in Lewisburg, PA. Defendant is

1

eligible for home detention on September 25, 2025. His projected release date is March 25, 2026.

Barnes moves for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i). He seeks to either be released or be allowed to serve the remainder of his sentence in home confinement. Barnes claims that his medical history puts him at a high risk of contracting COVID-19.

## Discussion

Title 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to grant such a reduction upon motion by the Director of the Bureau of Prisons or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 (thirty) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant specifically seeks this reduction in sentence under Section 3582(c)(1)(A)(i), which permits the sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction."

### Exhaustion

The Defendant and the United States agree that the Defendant has fulfilled the requirement of 18 U.S.C. §3582(a)(1)(A) because the Defendant has exhausted his administrative remedies.

Claim of "extraordinary and compelling reasons"

The United States Sentencing Commission has established guidelines to determine what constitutes an extraordinary and compelling reason for compassionate release. Extraordinary and compelling reasons for compassionate release exist where:

> (A) **Medical Condition of the Defendant.**
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, Application Note 1.

Defendant seeks compassionate release based on his current medical conditions. Barnes is a 60-year-old who suffers from COPD and high blood pressure/hypertension. [ECF No. 54]. He also suffers from other health conditions including an enlarged prostate with lower urinary tract symptoms, hyperlipidemia, chronic pain, bipolar disorder, and esophageal reflux. [Id.] Additionally Barnes has a nodule on his right lung that is consistent with granulomatosis disease. He is currently taking medication for COPD, hyperlipemia, and bipolar disorder. [ECF No. 54]. Current CDC publications indicate people with hypertension *might* be at an increased risk and people with COPD are at an increased risk for Covid-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-

4

ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 3, 2020).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. §1B1.13(2). Barnes disputes his potential danger to society, claiming that he has taken eleven education courses during incarceration.

In opposition, the Government posits that Compassionate Release is unjustified and is opposed, arguing that the Movant is a danger to the public good based upon his violent history and characteristics, his use of illegal substances while in prison garnering disciplinary action. The Government also refers to the basis of this inmate's original mandatory sentence. The Court so finds. Compassionate Release is not and does not apply to those who present a danger of recidivism or harm to the community. Applying 18 U.S.C. § 3582(c) factors to this inmate, a sentence reduction is not warranted. Moreover, the Court does not find that as a released inmate he would be less exposed to Covid-19. Lastly, his release date is approximately five years hence and, thus, not imminent. For all reasons stated, the Defendant's Motion for Compassionate Release is DENIED.

5

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release [ECF No. 54] is DENIED.

SO ORDERED this the 9th day of September, 2020.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE